UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARTHA DeNORFOLK as
Guardian and Next Friend of
BRYANT AMASTHA, a
minor, individually and on
behalf of all others similarly
situated

CASE NO.:

# 09-21319

## CIV - HUCK

MAGISTRATE JUDGE
O'SULLIVAN

Plaintiffs,

vs.

**COMPLAINT FOR INJUNCTIVE RELIEF**

THE COCA-COLA COMPANY,
a Foreign Corporation authorized
to do business in the State of
Florida, and the KIWANIS CLUB
OF LITTLE HAVANA, INC., a
Florida Not For Profit Corporation,

```
FILED by ___ 455 ___ D.C.
INTAKE

    MAY 1 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI
```

Defendants.

_____/

    COMES NOW the Plaintiff, MARTHA DeNORFOLK as Guardian and Next

Friend of BRYANT AMASTHA, a minor (hereinafter referred to as the "Minor Plain-

tiff"), individually and on behalf of all others similarly situated, by and through his un-

dersigned attorneys, and sues the Defendants THE COCA-COLA COMPANY, a For-

eign Corporation authorized to do business in the State of Florida (hereinafter referred

to as "COKE"), and the KIWANIS CLUB OF LITTLE HAVANA, INC., a Florida

Not For Profit Corporation (hereinafter referred to as "KIWANIS"), and alleges as fol-

1

lows:

## Jurisdiction and Venue

1.     This action arises from a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq* (hereinafter referred to as "ADA"), as hereinafter more fully appears.  The Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2.     Venue lies in the Southern District of Florida because all Defendants do business in this judicial district and because the claim arises in this judicial district.

## Statutory Background

3.     On July 12, 1990, Congress enacted the ADA establishing important civil rights for persons with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges and advantages of public accommodations.

4.     Congress expressly stated in 42 U.S.C. §12101(b) that the purpose of the ADA is:

> A.     "To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> B.     To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals' disabilities...;
>
> C.     To insure that the federal government plays an essential role in enforcing the standards estab-

2

lished in this act on behalf of individuals with
disabilities;

D.     To invoke the sweep of congressional authori-
ty...in order to address the major areas of dis-
crimination faced day-to-day by people with
disabilities."

5.     Pursuant to 42 U.S.C. §12182, no place of public accommodation is al-

lowed to discriminate against an individual on the basis of disability with regard to the

full and equal enjoyment of the goods, services, facilities and privileges of the place of

public accommodation.

## The Parties

6.     The Minor Plaintiff, a resident of Miami-Dade County, Florida, suffers

from arthrogryposis.  As a result of this condition, the Minor Plaintiff uses a wheel

chair to ambulate because he lacks the ability to walk and requires an attendant twenty

four hours a day, seven days a week, to provide assistance with activities of daily liv-

ing.

7.     Despite his obvious and extensive physical disability, the Minor Plaintiff

is a talented rapper having received recognition and awards for his rap compositions

under the stage name of "El Valiente."  He performs his compositions at public exposi-

tions and competitions.  He previously performed at the 2007 Calle Ocho Festival in

Miami and was scheduled to perform at the 2008 Calle Ocho Festival but sustained an

3

injury which prevented him from doing so.

8.    Minor Plaintiff and all others similarly situated are qualified individuals with a disability, within the meaning of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter "ADA").

9.    Minor Plaintiff and all others similarly situated are limited in the major life activities of walking and ambulating.

10.   For purposes of this complaint, "Calle Ocho" refers to the annual festival which occurs in Miami, Miami-Dade County, in March of each year along Southwest 8th Street between 27th avenue and 7th avenue in The City.  KIWANIS is the organizer and operator of Calle Ocho.  In 2009, Calle Ocho took place on March 15, 2009.

11.   As part of the Calle Ocho festival, corporate sponsors provide individual stages where performers can entertain or perform for the general public attending the Calle Ocho Festival.  In 2009, COKE was a corporate sponsor of Calle Ocho and provided a stage for performers of all types of music including rap music.

12.   The Calle Ocho festival in its totality and the facilities operated by or under the auspices of individual vendors such as COKE are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(a) and (b);  28 C.F.R. § 36.104.

JAY M. LEVY, P.A. • Suite 1010 • Dadeland Centre II • 9150 South Dadeland Boulevard
Miami, FL 33156 • TEL 305 670 8100 • FAX 305 670 4827 • jay@jaylevylaw.com

## Class Representation Allegations

13.     This is an action brought by Minor Plaintiff, as a class action, on behalf of the Minor Plaintiff and on behalf of others similarly situated under the provisions of 23 of the Federal Rules of Civil Procedure, for injunctive relief, and relief incident and subordinate thereto, including costs and attorneys fees.

14.     The class represented by Minor Plaintiff in this action, and of which the Minor Plaintiff is a member, consists of individuals with physical disabilities who desire to use the facilities located at the Calle Ocho festival.

15.     The exact number of members of the class, as hereinabove identified and described is not known.  Upon information and belief, the class is so numerous that joinder of individual members is impracticable.

16.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class:

A.     Whether KIWANIS as the organizer and operator of the Calle Ocho festival failed to make reasonable accommodation to qualified individuals with a disability in the nature of a physical disability which limits their ability to ambulate?

B.     Whether KIWANIS as the organizer and operator of the Calle Ocho festival failed to remove architectural barriers as required by the ADA?

5

      C.    Whether COKE as a Calle Ocho sponsor and the operator of a stage facility at the Calle Ocho festival failed to make reasonable accommodation to qualified individuals with a disability in the nature of a physical disability which limits their ability to ambulate?

      D.    Whether COKE as the a Calle Ocho Sponsor and the operator of a stage facility at the Calle Ocho festival failed to remove architectural barriers as required by the ADA?

17.    The claim of the Minor Plaintiff, who is a representative of the class herein is typical of the claims for the class. There is no conflict between the individually named Minor Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

18.    The named Minor Plaintiff is a representative party for the class, and is able to, and will fairly and adequately protect the interests of the class. The attorney for the class is experienced and capable in class action litigation and in litigation in the field of disability discrimination.

19.    The action is properly maintained as a class action inasmuch as the Defendants have acted or have refused to act, as hereinafter more specifically alleged, on grounds which are applicable to the entire class, as sought in this action.

JAY M. LEVY, P.A. • Suite 1010 • Dadeland Centre II • 9150 South Dadeland Boulevard
Miami, FL 33156 • TEL 305 670 8100 • FAX 305 670 4827 • jay@jaylevylaw.com

## The Instant Claim

20.     The Calle Ocho festival in its totality and its constituent facilities such as the stage sponsored and operated by COKE, as places of public accommodation, are required to remove architectural barriers to the physically disabled that are structural in nature where such removal is readily achievable, 42 U.S.C. §12182(b)(2)(a)(IV); 28 C.F.R. §36.304(a).

21.     If not readily achievable, a place of public accommodation must make reasonable accommodation to make its goods, services, facilities, privileges, advantages, and/or accommodations, available to individuals with physical disabilities.  28 C.F.R. §36.305.

22.     On or about February 7, 2009, Minor Plaintiff contacted an individual known only to the Minor Plaintiff as "DJ Shotgun," who upon information and belief has an affiliation with the stage facility operated by COKE at Calle Ocho, and inquired about performing at the Calle Ocho festival on March 15, 2009.  "DJ Shotgun" had assisted the Minor Plaintiff in his request to perform at the 2007 Calle Ocho festival and was fully cognizant of the Minor Plaintiff's disability and physical limitations including his use of a wheelchair to ambulate.

23.     "DJ Shotgun" confirmed with the Minor Plaintiff on March 14, 2009 that the Minor Plaintiff was confirmed to perform but that there was a problem because the

7

stage did not have a ramp or wheelchair lift. When the Minor Plaintiff indicated he had a portable ramp which he would bring to achieve access to the stage, this was deemed to be acceptable and "DJ Shotgun" advised Minor Plaintiff that he would be performing at the COKE stage facility at the Calle Ocho festival on March 15, 2009.

24.     When the Minor Plaintiff arrived at the COKE stage facility at the Calle Ocho festival at 1:00 PM on March 15, 2009, Minor Plaintiff was advised by that he could not use a portable ramp because it constituted a fire hazard and as a result, the Minor Plaintiff was unable to access the stage at the COKE stage facility and was not permitted to perform.

25.     The Calle Ocho festival in general and the stage facility sponsored by COKE specifically contain architectural barriers for the physically disabled in violation of the ADA with regard to the following parts of the facility:

        a.     Ingress and egress;

        b.     Restrooms;

        c.     Stages;

26.     The removal of the above mentioned barriers is readily achievable and that removal of architectural barriers can be carried out without much difficulty or expense. Alternatively Defendants have not made any reasonable accommodations to overcome the architectural barriers present at the Calle Ocho festival in general and the

8

**JAY M. LEVY, P.A.** • Suite 1010 • Dadeland Centre II • 9150 South Dadeland Boulevard
Miami, FL 33156 • TEL 305 670 8100 • FAX 305 670 4827 • jay@jaylevylaw.com

COKE stage facility specifically.

27.    Due to Defendants' failure to comply with the ADA, the Minor Plaintiff and all others similarly situated have have been and are deprived of full and complete access to and use of the Calle Ocho festival, the facilities contained therein, and have been and are being discriminated against on account of their disabilities.

28.    The Minor Plaintiff and all others similarly situated have been required to retain the undersigned attorneys to represent them in this action and are obligated to pay their attorneys a reasonable attorney's fee.

29.    All conditions precedent to this action have been performed or said conditions have been waived.

29.    The Minor Plaintiff is without adequate remedy at law and is suffering irreparable harm.

30.    The Minor Plaintiff intends to perform at future Calle Ocho festivals in the coming years.

WHEREFORE Plaintiff, MARTHA DeNORFOLK as Guardian and Next Friend of BRYANT AMASTHA, a minor, individually and on behalf of all others similarly situated demand:

A.    A permanent injunction compelling the Defendants THE COCA COLA COMPANY and THE KIWANIS CLUB OF LITTLE HAVANA, INC., to bring the

9

Calle Ocho Festival and its constituent facilities into compliance with the accessability guidelines with regard to wheelchair bound individuals;

    B.    An award of reasonable attorney's fees;

    C.    The costs of this action;

    D.    Such other and further relief as this Court may deem mete and proper.

                JAY M. LEVY, P.A.
                9150 South Dadeland Boulevard
                Suite 1010  Two Dadeland Centre
                Miami, Florida 33156
                Phone:  (305) 670-8100
                Fax:    (305) 670-4827
                Email:  jay@jaylevylaw.com

BY:                              
           JAY M. LEVY, ESQ
           FLORIDA BAR #: 219754

10

%JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARTHA DeNORFOLK, etc. | THE COCA COLA COMPANY, et. al, |

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jay M. Levy, Esquire, Jay M. Levy, PA, 9150 S Dadeland Blvd, #1010, Miami, FL, 33156, (305)670-8100

Attorneys (If Known)

FILED by AJS D.C.
INTAKE

MAY 15 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. MIAMI

09-CV-21319 - Huck/O'Sullivan

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☑ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access to Justice |
| | ■ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | Statutes |

## V.  ORIGIN   (Place an "X" in One Box Only)

☑ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Re-filed-
    (see VI below)

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    another district
    (specify)

☐ 6  Multidistrict
    Litigation

☐ 7  Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO        b) Related Cases ☐ YES ☑ NO

JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 USC 12184, et seq. Defendants as operators of a place of public accommodation violated ADA by failure to eliminate architectural barriers ▣

LENGTH OF TRIAL via  1   days estimated (for both sides to try entire case)

| VIII.  REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  5/11/09

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 104003 FP

05/15/09